IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| DONALD CHILDS and DORIS CHILDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:10-cv-0242 |
| | ) | JURY DEMAND |
| HSBC MORTGAGE SERVICES, INC. | ) | |
| (an Illinois Corporation), | ) | JUDGE TRAUGER |
| | ) | |
| Defendant. | ) | |

## ~~PROPOSED~~ CASE MANAGEMENT ORDER

1. **Jurisdiction and Venue**: The basis of subject matter jurisdiction is diversity. HSBC does not contest subject matter jurisdiction or venue.

2. **Theories of the Case**:

   **(a)** **Plaintiffs' Theory**

   The Plaintiffs aver that they were the mortgagors of certain real property located at 4900 Indian Summer Drive, Nashville, TN 37207 and Defendant, HSBC, was the mortgagee on the property for all times material hereto. The Plaintiffs further aver that Defendant, HSBC, listed fees on their account statement which were false, inaccurate, and misleading. The Plaintiffs further aver that as a direct and proximate result of the Defendant's actions they lost their family home and the equity in their home as well as having suffered the humility and indignation of losing their home.

   **(b)** **Defendant's Theory**

1

HSBC Mortgage Services, Inc. ("HSBC") is still investigating the allegations made by the Plaintiffs but deny that there were any misrepresentations, wrongdoing or improper conduct on their part. The initial review of information available to HSBC indicates that the allegations in the complaint are directly at odds with the records of this account. In March 2007, Plaintiffs were provided with an approximate payoff of $180,000. This payoff was good through April 27, 2007. In April 2008, Plaintiffs were again provided with a payoff, which indicated the amount owed was $202,000. This payoff was good through April 30, 2008. This contradicts Plaintiffs' timeline of occurrences and undermines any claim that Plaintiffs might have for misrepresentation or other wrongful conduct.

HSBC is still reviewing these matters but anticipate that at least some of the counts of the Complaint could be resolved prior to trial through appropriate motions.

3. **Status of Service of Process and Responsive Pleadings**: Service of process has been properly issued and served by certified mail. HSBC filed a motion to dismiss, which was granted in part and denied in part by this Court's Order (Doc. No. 17).

4. **Initial Disclosures**: All parties must make their Rule 26(a)(1) Initial Disclosures within fourteen days after the Initial Case Management Conference, or by September 13, 2010.

5. **Amendment of Pleadings.** The Plaintiffs shall have until September 30, 2010 to amend their pleadings. Defendant shall file any amended answer or other pleading within the time allowed by the Rules of Civil Procedure.

6. **Discovery.** Although the parties have not met and formulated a discovery plan pursuant to Rule 26(f), HSBC believes that the Court can assist the parties in framing such a discovery plan. HSBC proposes the following discovery schedule:

(a) <u>Discovery Deadlines</u>: All discovery shall be completed by January 31, 2011; excluding expert witness depositions which shall be completed by February 15, 2011.

(b) <u>Limitations on Written Discovery</u>: Because written discovery has already been propounded in the previously dismissed action, the parties agree the number of interrogatories as to each party shall not exceed 20, including subparts.

(c) <u>Discovery of Electronically Stored Information</u>: The parties have not met and conferred as required by Fed. R. Civ. P. 26(f); therefore, specific issues pertaining to discovery of electronically stored information (ESI) have not been explored or resolved by the parties. At this time, and considering the nature of the litigation, the parties do not anticipate that extensive electronic discovery will be necessary. Thus, the parties intend to opt out of the requirements contained in Administrative Order 174. Should the parties encounter problems regarding the discovery of ESI, the parties agree to jointly move the Court for a secondary case management conference. The parties recognize that any such conference might require a delay or postponement of the instant scheduling order.

(d) <u>Discovery Motions</u>: All discovery motions shall be filed as soon as practical based upon the nature of the dispute, but in no event shall any discovery motion be filed after February 14, 2011.

(e) <u>Discovery Disputes:</u> No motions concerning discovery are to be filed until after the parties have conferred in good faith, and unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

7. **Dispositive Motions:** All dispositive motions shall be filed by March 1, 2011. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the

motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

8. **Expert Witness Disclosures**. By the close of business on December 15, 2010, Plaintiffs shall disclose to Defendant (<u>not</u> to file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B), Fed. R. Civ. P. By the close of business on January 15, 2011, Defendant shall disclose to Plaintiffs (<u>not</u> to file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26 (a)(2)(B), Fed. R. Civ. P.

9. **Joint Mediation Report.** The parties shall file a joint mediation report on or before February 5, 2011.

10. **Jury Trial.** By entry of a separate Order (Doc. No. 24), this action is set for a jury trial on July 19, 2011. It is anticipated the case will take approximately 3 days to complete. A pretrial conference is set for July 15, 2011, at 1:30 p.m.

**ENTERED** this 7th day of October, 2010.

_____
**ALETA A. TRAUGER**
**UNITED STATES DISTRICT JUDGE**

N DAL1 788320 v2
2825043-000121 10/06/2010