IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD CHILDS and DORIS CHILDS, | ) |
| Plaintiffs, | ) |
| v. | ) Civil No. 3:10-0242 |
| | ) Judge Trauger |
| HSBC MORTGAGE SERVICES, INC., an Illinois corporation, | ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

The defendant has filed a Motion to Reconsider Order Reopening Case (Docket No. 104), to which the plaintiffs have responded (Docket No. 110), and the defendant has filed a Reply (Docket No. 112). This motion requests that the court vacate its Order of September 28, 2012 (Docket No. 99), which sustained the plaintiffs' objections to the Magistrate Judge's Report and Recommendation issued September 14, 2012 (Docket No. 95) and rejected the Report and Recommendation.

The defendant has brought to the court's attention additional authority, including *G.G. Marck and Assocs., Inc. v. North Am. Invs.*, 465 Fed. Appx. 515 (6th Cir. 2012), that convinces the court that its ruling was in error. The *Marck* case and other authority cited by the defendant hold that even oral settlements evidencing a settlement of all material matters between the parties should be enforced and that even the breach of a settlement agreement does not justify vacating it. Here the agreement was not oral; it was reduced to writing and signed by both plaintiffs, their counsel and counsel for the defendant. (Docket No. 111) The defendant has paid over the agreed-upon sum of $45,000, and the defendant has agreed to release the plaintiffs "from any

1

liability on the deficiency and any related costs, fees, attorney's fees, interest and expenses."
This memorandum Settlement Agreement, executed before Magistrate Judge Brown, is
enforceable with or without the execution of "a more complete settlement agreement."

As the Magistrate Judge found, the plaintiffs have not established their right to relief under Rule 60(b), Fed. R. Civ. P. (Docket No. 95 at 7) Magistrate Judge Griffin conducted a hearing, at which the plaintiffs were allowed to fully express their position and introduce proof. Having heard in person from the plaintiffs, Magistrate Judge Griffin observed:

> It became clear to the Court that the plaintiffs had two concerns about the settlement: (1) the amount of money that the defendant agreed to pay in the settlement; and (2) the terms of the agreement. After discussion, it appeared that, if the parties were able to reach a new agreement on the amount of money, it might be possible to reach an agreement on the other terms of the agreement.

(Docket No. 95 at 5) After taking a recess and allowing the parties to confer, a revised settlement was not reached. The fact that the Magistrate Judge allowed the parties to further negotiate does not in any way invalidate the settlement that they reached before Judge Brown. Judge Griffin's observations and approach simply reinforce the notion that, in fact, the plaintiffs' suffered "buyer's remorse" after entering into a binding settlement agreement.

The court may grant a motion to reconsider to correct a clear error or prevent manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991). That standard is met by the defendant's Motion to Reconsider (Docket No. 104), and it is, therefore, **GRANTED**. This court's Order of September 28, 2012 rejecting the Magistrate Judge's Report and Recommendation (Docket No. 99) is **VACATED**. For the reasons expressed herein and in the Report and Recommendation (Docket No. 95), the plaintiffs' Motion to Reopen Case (Docket

No. 54) is **DENIED**. The Entry of Judgment (Docket No. 53) and Order dismissing the case with prejudice (Docket No. 52) are hereby effectuated, and this case is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

ENTER this 5th day of December 2012.

_____
ALETA A. TRAUGER
U.S. District Judge